UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-21718-CV-HOEVELER

GLASS-TECH CORPORATION,

    Plaintiff,

v.

UNNAMED 42-FOOT 2006 FIBERGLASS
PLEASURE VESSEL, BEARING FLORIDA
REGISTRATION FL6132RY AND HULL
ID NO.: VP042C02F406 *in rem*, and
DAVID LAWRENCE ADIN,

    Defendants.
_____/

**CLOSED CIVIL CASE**

### ORDER

BEFORE the Court is the defendants' motion to vacate the entry final default judgment and sale of the vessel. The Court has been fully briefed and heard oral arguments on February 19, 2010.

This is a maritime lien action against the 42 foot pleasure vessel, *in rem*, and its owner, David Lawrence Adin. It is not disputed that Mr. Adin was properly served with summons and the pleadings and that he never made an appearance or answered the complaint. Nor is it disputed that the action was properly brought against the vessel, notice was given as required by the Supplemental Rules for Admiralty or Maritime Claims, and no party made a claim of interest or filed an answer on behalf of the vessel. The Clerk entered default against Mr. Adin on July 30, 2009

[DE 13], and the Court granted the plaintiff's motion for default judgment on September 18, 2009 [DE 24]. Mr. Adin was served summons at his address at 6039 Collins Avenue in Miami.[1] The Court entered default against the in rem defendant on September 18, 2009 and granted the plaintiff's motion for Court-ordered sale of the vessel the same day. The vessel was sold on October 21 and on October 28, 2009, the clerk entered a confirmation of the sale, noting that no objection had been made.

On November 30, 2009, the defendants filed this motion to vacate the default judgment and undo the sale of the vessel. According to the defendant, defendants' counsel was not given written notification of the plaintiff's application for final default judgment, as he claims was required by Rule 55(b)(2) of the Federal Rules of Civil Procedure. Under that Rule, "[i]f a party against whom judgment by default is sought has appeared personally or by a representative, the party or its representative must be served with written notice of the application at least 3 days before the hearing." Significantly, however, neither Mr. Adin or his lawyer actually appeared in this case. Defendants' counsel nevertheless draws attention to some cases in which courts have found that something less than a formal "appearance" could trigger the three-day notice requirement in Rule 55(b)(2). For example, in

---

[1] This is the address on the carbon copy line of the Court's order of final judgment. Mr. Adin does not suggest this address is incorrect or that he did not receive these documents.

H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loeppe, 432 F.2d 689, 692 (D.C. Cir. 1970), the defendant's lawyer did not make a formal appearance or answer the complaint, but he was actively engaged in settlement negotiations with plaintiff's counsel. Meanwhile, the plaintiff's counsel surreptitiously sought and was granted default judgment without giving notice to the defendant. The appellate court set aside the default because counsel's defense of the lawsuit could be viewed as an appearance for purposes of Rule 55(b)(2), thereby triggering the notice requirement. The defendant "made its purpose to defend the suit quite plain to [the plaintiff] and there is nothing to suggest that [defendant] would be otherwise than diligent in doing so once the negotiations suggested by the [plaintiff] itself should prove fruitless." Id. Indeed, "[t]he exchanges between the parties," the panel wrote, "were the normal effort to see if the dispute could be adjusted by agreement, but neither party was in any doubt that the suit would be contested if the efforts to agree were unavailing." Id. at 692. Other courts have adopted a more restrictive, bright-line interpretation of the "appearance" requirement. See Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc., 925 F.2d 226, 230-31 (7th Cir. 1991) ("a party 'has appeared in the action' under Rule 55(b)(2) only where that party has actually made some presentation or submission to the *district court* in the pending action") (emphasis in original).

In any event, the Court is not satisfied that Mr. Adin's lawyer made an appearance in this case that entitled him to Rule 55(b)(2) notice. This conclusion is not changed by the fact that Mr. Adin had an attorney of record in his separate contract case against Glasstech, Civil Action Number 09-21805-CIV-COOKE, which was transferred to this Section July 16, 2009. Mr. Adin's attorney received a copy of the transfer order, which specifically references this maritime lien action as a related case; nevertheless, counsel failed to make an appearance or take steps to defend the case.[2] Unfortunately for Mr. Adin, there was no error in the process by which this case was commenced or concluded. Accordingly, the motion to vacate is DENIED.

**DONE AND ORDERED** in Miami, Florida, June 2, 2010.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that there has been no activity of record in Civil Action 09-21805, apart from the notice of removal and the order of transfer.